**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| | § | **CASE NO. 6:23-CR-00104-JDK** |
| **vs.** | § | |
| | § | |
| | § | |
| **GREGORY CASH CHAPPELL (1)** | § | |

**REPORT AND RECOMMENDATION**
**ON REVOCATION OF SUPERVISED RELEASE**

On November 3, 2026, the Court held a final revocation hearing on a Petition for Warrant or Summons for Offender under Supervision. The Government was represented by Assistant United States Attorney Lucas Machicek. Defendant was represented by Assistant Federal Defender David Barlow.

***Background***

After pleading guilty to the offense of Possession with Intent to Distribute a Controlled Substance, a Class C felony, United States District Judge Jane J. Boyle, Northern District of Texas, sentenced Defendant Gregory Cash Chappell on July 24, 2018. The offense carried a statutory maximum imprisonment term of 20 years. The guideline imprisonment range, based on a total offense level of 25 and a criminal history category of III, was 70 to 87 months. The Court sentenced Defendant to an imprisonment term of 70 months, followed by a 3-year term of supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure, drug aftercare, mental health treatment, and a $100 special assessment. Defendant completed his term of imprisonment and started his term of supervised release on October 7, 2022. Jurisdiction was transferred to the Eastern District of Texas on September 29, 2023, and the matter was assigned to United States District Judge Jeremy D. Kernodle.

## *Allegations*

In the First Amended Petition seeking to revoke Defendant's supervised release, filed on March 22, 2024, United States Probation Officer Lupe Saucedo alleges that Defendant violated the following condition of supervised release:

1. **Allegation 1 (mandatory condition 1): The defendant must not commit another federal, state, or local crime.** It is alleged that Defendant committed the new law violation of Criminal Mischief, a class A misdemeanor, on or about March 27, 2023, in Gun Barrel City, Texas. It is also alleged that Defendant committed the new law violation of Evading Arrest/Detention with Vehicle, a third degree felony, on or about August 28, 2023, in Smith County, Texas. It is finally alleged that Defendant committed the new law violations of Evading Arrest, a class A misdemeanor, and Failure to Identify Fugitive, a class A misdemeanor, on or about March 11, 2024, in Hopkins County, Texas.

2. **Allegation 2 (mandatory condition 3): The defendant must refrain from any unlawful use of a controlled substance. The defendant must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.** It is alleged that Defendant submitted a urine specimen on August 25, 2023 that tested positive for methamphetamine and marijuana.

3. **Allegation 3 (standard condition 2): After initially reporting to the probation office, the defendant will receive instructions from the probation officer about how and when he must report to the probation officer, and he must report to the probation officer as instructed.** It is alleged that Defendant failed to submit a monthly written report due between the 1st and 5th for the months of August to September 2023. It is also alleged that Defendant failed to report to the probation office on September 1, 2023, at 3:00 p.m. as instructed by the probation officer.

4. **Allegation 4 (standard condition 5): The defendant must live at a place approved by the probation officer. If the defendant plans to change where he lives or anything about his living arrangements (such as the people he lives with), he must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, he must notify the probation officer within 72 hours of becoming aware of a change or expected change.** It is alleged that Defendant changed his residence on or about August 28, 2023, without notifying the probation officer.

5. **Allegation 5 (standard condition 9): If the defendant is arrested or questioned by a law enforcement officer, he must notify the probation officer within 72 hours.** It is alleged that Defendant was questioned by the Texas Department of Public Safety, DPS, on or about August 28, 2023, during a traffic stop and Defendant failed to notify the probation officer of that contact within 72 hours.

***Applicable Law***

According to 18 U.S.C. § 3583(e)(3), the Court may revoke the term of supervised release and require a Defendant to serve in prison all or part of the term of supervised release without credit for the time previously served under supervision, if it finds by a preponderance of the evidence that Defendant violated a term of supervised release. Supervised release shall be revoked upon a finding of a Grade A or B supervised release violation. U.S.S.G. § 7B1.3(a)(1). In the present case, Defendant's original offense of conviction was a Class C felony. Accordingly, the maximum imprisonment sentence that may be imposed is 2 years. 18 U.S.C. § 3583(e).

Under the Sentencing Guidelines, which are non-binding,[1] if the Court finds by a preponderance of the evidence that Defendant violated his conditions of supervised release by possessing methamphetamine or committing the felony offense of evading arrest/detention, as alleged in the petition, he is guilty of a Grade B violation. U.S.S.G. § 7B1.1(a). Defendant's original criminal history category was III. The guidelines provide that Defendant's guideline imprisonment range for a Grade B violation is 8 to 14 months. If the Court finds by a preponderance of the evidence that Defendant violated his conditions by committing the misdemeanor offenses of criminal mischief, evading arrest/detention, and failure to identify fugitive, using methamphetamine, possessing and using marijuana, failing to report as instructed, moving residence without notifying the probation officer, failing to notify the probation officer within 72 hours of being questioned by law enforcement, or failing to follow the instructions of the probation officer, as alleged in the petition, he is guilty of a Grade C violation. U.S.S.G. §

[1] The United States Sentencing Guidelines as applied to revocations of supervised release "have always been non-binding, advisory guides to district courts in supervised release revocation proceedings." *United States v. Brown*, 122 Fed.Appx. 648, 2005 WL 518704, slip op. p.1 (citing *United States v. Davis*, 53 F.3d 638, 642 (5th Cir. 1995)); see also *United States v. Mathena*, 23 F.3d 87 (5th Cir. 1994) (policy statements contained in Chapter 7 of the Sentencing Guidelines applicable to sentencing a defendant upon revocation of supervised release are advisory only.).

7B1.1(a). With Defendant's original criminal history category of III, the guidelines provide that Defendant's guideline imprisonment range for a Grade C violation is 5 to 11 months. The grade of the violation having the most serious grade is used to determine the guideline range when there is more than one violation of the conditions of supervision, or the violation includes conduct that constitutes more than one offense. U.S.S.G. § 7B1.1(b).

***Hearing***

On November 3, 2026, Defendant appeared for a final revocation hearing. Assistant United States Attorney Lucas Machicek announced that Defendant and the Government reached an agreement for Defendant to enter a plea of true to the portion of Allegation 1 of the petition alleging that Defendant committed the felony offense of Evading Arrest/Detention with Vehicle on or about August 28, 2023, and to jointly request a sentence of imprisonment for a term of 9 months, to run consecutive to the sentence imposed in Cause No. 241-1745-24, with no further term of supervised release. After the Court explained to Defendant his right to a revocation hearing, he waived his right to a revocation hearing and entered a plea of "true" to committing the felony offense alleged in Allegation 1 of the petition. Defendant requested a recommendation to the Bureau of Prisons to designate him to FCI Seagoville.

***Findings and Conclusions***

I find that Defendant is competent and that his plea and waiver of the revocation hearing was knowingly and voluntarily made. I accept Defendant's plea and find by a preponderance of the evidence that the portion of Allegation 1 of the petition alleging that Defendant committed the felony offense of Evading Arrest/Detention with Vehicle on or about August 28, 2023 is true. Defendant is guilty of a Grade B supervised release violation. I further find and conclude that Defendant's term of supervised release should be revoked and that he should be sentenced to imprisonment for a term of 9 months, to run consecutive to the sentence imposed in Cause No.

241-1745-24, with no further term of supervised release. Through an individualized assessment, I determined that no new term of supervised release is warranted. Any criminal history monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances.

## RECOMMENDATION

In light of the foregoing, it is recommended that Defendant's plea of true to the portion of Allegation 1 of the petition alleging that Defendant committed the felony offense of Evading Arrest/Detention with Vehicle on or about August 28, 2023 be **ACCEPTED** and that Defendant's term of supervised release be **REVOKED**. It is further recommended that Defendant be sentenced to imprisonment for a term of 9 months, to run consecutive to the sentence imposed in Cause No. 241-1745-24, with no further term of supervised release. Any criminal monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances. It is finally recommended that the Court request the Bureau of Prisons to designate Defendant to FCI Seagoville.

Before the conclusion of the hearing, the undersigned announced the foregoing recommendation and notified Defendant of his right to object to this Report and Recommendation and to be present and allocute before being sentenced by the Court. Defendant waived those rights and executed a written waiver in open court. The Government also waived its right to object to the Report and Recommendation. It is therefore recommended that the Court revoke Defendant's supervised release and enter a Judgment and Commitment for him to be sentenced to imprisonment for a term of 9 months, to run consecutive to the sentence imposed in Cause No. 241-1745-24, with no further term of supervised release.

So ORDERED and SIGNED this 3rd day of November, 2026.

K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE